IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120533-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 23, 2012) |
| Roberto Villalobos, | ) | |
| | ) | 2012 UT App 330 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 861901542
The Honorable Denise P. Lindberg

Attorneys:     Roberto Villalobos, aka Oscar Pena, Post, Texas, Appellant Pro Se
          Mark L. Shurtleff and Kris C. Leonard, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

¶1     Oscar Pena, who alleges that he is also known as Roberto Villalobos, appeals the denial of his motion to exonerate a bond originally obtained in connection with a 1986 criminal case. This matter is before the court on its own motion for summary disposition on the basis that the issues raised are so insubstantial as not to merit further proceedings and consideration by this court.

¶2     During the pendency of a criminal action against Villalobos in 1986, Villalobos's counsel reported to the court that Villalobos had passed away and requested that the bond be forfeited. The trial court ordered that the bond be forfeited, and the State held

the $10,000 bond amount for the statutorily required length of time.[1] No party claimed the money, and Villalobos did not come forward to demonstrate that he had not passed away. As a result, the funds escheated to the State. Pena now claims that he was previously known as Roberto Villalobos, and that he should be entitled to the funds.

¶3     Even if this court were to assume that Pena and Villalobos are the same person,[2] the district court correctly determined that Villalobos is not entitled to exoneration of the bond. The record demonstrates that the trial court complied with all statutory requirements twenty-five years ago after it was informed of Villalobos's death. Further, even if Villalobos could point to some impropriety with the previous forfeiture of the bond, which he has not, the bond would have been properly forfeited to the State following Villalobos's failure to appear following entry of his guilty plea. *See* Utah Code Ann. § 77-20-9 (1990) (providing that upon a defendant's failure to appear, the bond is forfeited and distributed pursuant to other applicable provisions). Accordingly, Villalobos has failed to demonstrate that the district court erred in denying his request to exonerate the bond.

¶4     Affirmed.

_____
William A. Thorne Jr., Judge

_____
Carolyn B. McHugh, Judge

_____
Stephen L. Roth, Judge

_____

[1]It appears that the bond was actually forfeited based upon Villalobos's non-appearance because the court was not provided verification of his death.

[2]The only support for this assertion is Pena's unsupported affidavit claiming that it is so.